Alireza Alivandivafa (State Bar No. 255730)
1925 Century Park East, Suite 2120
Los Angeles, CA  90067
Tel: (310) 570-2238
Fax: (310) 300-1015
Email: Aalivandi@gmail.com

Kevin Schwin (State Bar No. 262595)
Law Offices of Kevin Schwin
1220 E. Olive Ave.
Fresno, CA 93728
Tel: (559) 715-2889
Fax: (559) 221-6812
E-Mail: Kevin@Schwinlaw.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES WANG, an individual,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>SONY PICTURES IMAGEWORKS, INC.. A California Corporation; SONY PICTURES DIGITAL PRODUCTIONS, INC., A Delaware Corporation; SONY PICTURES ENTERTAINMENT, INC., A Delaware Corporation;<br><br>　　　　　Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND OTHER APPROPRIATE REMEDIES;**<br><br>**1. Disability Discrimination in Violation of The FEHA;**<br>**2. Failure to Prevent Discrimination in Violation of the FEHA;**<br>**3. Failure to Provide Reasonable Accommodation in violation of the FEHA;**<br>**4) Failure to Engage in a Good Faith, Interactive Process in Violation of the FEHA; and**<br>**5) Violation of the ADA**<br><br>**JURY TRIAL DEMANDED** |

## I. GENERAL ALLEGATIONS

1. Plaintiff James Wang (hereinafter "Plaintiff" or "Wang") files this Complaint for Damages on behalf of himself as an individual for discrimination in violation of the California Fair Employment and Housing Act (hereinafter "FEHA"), and the Americans With Disabilities Act of 1990 (as Amended by the ADA Amendments Act of 2008) against Defendants Sony Pictures Imageworks, Inc. (SPI), Sony Pictures Digital Productions, Inc. (SPDP), and Sony Pictures Entertainment, Inc. (SPE) (Jointly "Defendants" or "Sony").

## II. JURISDICTION AND VENUE

2. At all times material to this complaint, Plaintiff is informed and believes Defendant SPI is a California Corporation, headquartered and doing business in the County of Los Angeles. Plaintiff is informed and believes that Defendants SPDP and SPE are Delaware Corporations, headquartered and doing business in the County of Los Angeles.  The County of Los Angeles is within the judicial district of this Honorable Court, making venue proper pursuant to 28 U.S.C. § 1391.

3. Plaintiff Wang, based on a finding of cause by the United States Equal Employment Opportunity Commission (EEOC) brings forth, among other claims for relief, actions for relief pursuant to the Americans With Disabilities Act of 1990 (As Amended).  As such, the jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331.

4. This Honorable Court has jurisdiction over Plaintiff's pendant state law claims pursuant to 28 U.S.C. § 1367.

5. SPI is a business unit of SPDP, which is a subsidiary of SPE.  All Defendants employ over 501 persons.

///
///

## III. FACTUAL ALLEGATIONS

6. Plaintiff Wang is an experienced, well-educated software engineer.

7. Plaintiff is disabled, suffering from hearing impairment in the form of deafness and corresponding muteness. Plaintiff communicates in writing in both English and Chinese and can communicate verbally by use of American Sign Language.

8. At all relevant times, Plaintiff was and is completely deaf and mostly mute, and he was and is thus an individual with a disability under both state and federal law.

9. At all times Plaintiff was, and continues to be substantially limited in performing the major life activities of hearing and speaking.

10. Despite his disability, Plaintiff was at all times fully capable of performing the essential functions of the job he was denied, with or without reasonable accommodations. Specifically, Plaintiff was denied the position of Software Engineer III. The essential functions of Software Engineer III include developing computer software, which requires only advanced computer and technical skills and relatively little communication with others (as compared to most jobs). It is the ideal job for a deaf person.

11. Upon information and belief, the ability to communicate is not essential for the position of Software Engineer III, and it is at best a non-essential, corollary function. However, even assuming for the sake of argument that the ability to communicate were an essential job function, Plaintiff could have and can effectively communicate through one or more reasonable accommodations including, but not limited to, a sign language interpreter, technological devices providing for voice-to-text translation, and, most obviously, written communications.

12. Prior to applying for the position of Software Engineer III with Sony, Plaintiff had worked for IBM for approximately 6 years.

13. Plaintiff applied for employment with Defendants on or about March 2, 2009. Based on his application and outstanding resume, a recruiter for Sony emailed Plaintiff and indicated that Sony would like to interview him.

14. At all times, Plaintiff communicated with the recruiter via email.

15. On March 28, 2009, the recruiter emailed Plaintiff and proposed a phone interview for April 2, 2009. Plaintiff responded and inquired as to whether an interview using the internet program AOL Instant Messenger ("AIM") would be possible instead, as Plaintiff at that time was unable to communicate via telephone on account of his disability. The recruiter responded that Sony wanted a phone interview, so Plaintiff disclosed his disability to the recruiter in order to facilitate an accommodation.

16. The recruiter later emailed Plaintiff to re-schedule the initial April 2, 2009 phone interview to April 8, 2009. Plaintiff responded that he was available April 8, 2009 and again reminded the recruiter that he was hearing impaired and requested to do the interview through AIM.

17. Plaintiff did not hear back from the recruiter until April 8, 2009. At that time, the recruiter emailed Plaintiff to ask if he could interview in person instead. Plaintiff confirmed that he could and explained that he would have to fly from New York to Los Angeles for the interview. Plaintiff asked if the ticket would be paid for by Sony. The recruiter advised that Plaintiff needed to purchase his own plane ticket. Plaintiff said that he would pay for the ticket and asked for the accommodation of an American Sign Language interpreter for the interview.

18. On April 10, 2009, the recruiter responded with an email advising Plaintiff not to book the plane ticket because "[Sony has] already been interviewing several folks and may have made a decision." This was the very last communication between the recruiter and Plaintiff.

19. As of April 10, 2009, Sony had not, in fact, interviewed "several folks" and had not, in fact, made any decisions - not even close. As of that time,

Sony had just started conducting the first round of interviews in a two-round interview process and had only interviewed two of several candidates.

20. Both on and after April 10, 2009, Sony continued recruiting other candidates and conducting interviews of other candidates, but never even contacted Plaintiff again or gave him a fair chance to compete for the job. The other candidates that Sony continued to recruit and interview on and after April 10, 2009 were not deaf or mute, and did not need a sign language interpreter or any other form of accommodation for their interviews.

21. No job offers were made until May 19, 2009, (i.e. more than a full month after Sony told Plaintiff not to come for an interview because they "may have made a decision") and the person ultimately hired did not start until June 1, 2009.

22. As a direct and proximate result of the above-described acts of Defendants, Plaintiff has suffered and continues to suffer from loss of earnings and other damages in amounts not yet ascertained, but subject to proof at trial. More specifically, as a direct and proximate result of the conduct complained of herein, Plaintiff has suffered and continues to suffer, without limitation, all of the following: lost wages, lost benefits, loss of opportunities for advancement in his career, loss of earning capacity, costs of seeking alternate employment, mental pain and anguish, anxiety, stress, shame, humiliation, and other emotional distress.

23. The above-described acts were committed by and/or ratified by managing agents of Defendants, and each of them, who had and exercised complete and un-restricted discretion, authority and judgment over the hiring process for the position of Software Engineer III, including recruitment and selection of candidates, such that their decisions ultimately determined corporate policy. Upon information and belief, Defendants, and each of them, have no formal corporate policies in place requiring reasonable accommodations for disabled job candidates, such as Plaintiff. Instead, Defendants, and each of them,

1  left complete authority, discretion and judgment regarding decisions to provide
2  reasonable accommodations in the job interview process in the hands of its
3  recruiters and the individuals responsible for making hiring decisions
4       24.   Plaintiff is informed and believes, and thereon alleges, that
5  Defendants, and each of them, by and through their managing agents, engaged in
6  malice, fraud, and/or oppression in their actions against Plaintiff.  More
7  specifically, Defendants, and each of them, upon learning of Plaintiff's disability
8  (deafness) and need for a sign language interpreter (as explained above)
9  immediately let their own biases and prejudices get the better of them and denied
10 Plaintiff the mere opportunity to even compete with other candidates for
11 employment solely because they believed his deafness would be too much a hassle
12 to accommodate. Defendants, and each of them, simply did not want to have to
13 deal with sign language interpreters and other practical issues that might arise from
14 employment of a deaf person, such as communication difficulties with co-workers
15 and managers.  Defendants, and each of them, knowing literally nothing about
16 Plaintiff other than that he had excellent qualifications and was hearing impaired
17 and in need of a sign language interpreter, viewed him as damaged goods.
18 Defendants, and each of them, knew that taking adverse employment actions based
19 upon a qualified individual's disability is both legally and morally wrong.
20 Defendants, and each of them, knew of their obligations under the law to provide
21 reasonable accommodations for individuals with disabilities so as to allow them
22 equal employment opportunities - the same opportunities offered non-disabled
23 employees.  Defendants, and each of them, knew that denying Plaintiff the
24 opportunity to interview because they did not want to provide a sign language
25 interpreter was cruel and certain to result in unjust hardship on Plaintiff.
26 Nevertheless, Defendants, and each of them, specifically ignored these legal and
27 moral obligations because: 1) they figured they would never get caught; and 2)
28 they simply did not care.  For these reasons, the conduct of Defendants, and each

of them, was so vile, base, cruel and contemptible that it would be looked down upon by reasonable people.  Such conduct must not be tolerated in a civilized society and must be punished so as to deter Defendants from engaging in similar conduct and set an example for other employers who might engage in similar conduct.

## IV.   EXHAUSATION OF ADMINISTRATIVE REMEDIES

25.   On June 18, 2009, Plaintiff filed a dual-filed with the EEOC and the California DFEH a charge of discrimination ("the charge") with the EEOC, Charge No. 480-2009-02197.  The EEOC has a work share agreement with the California DFEH.

26.   A true and correct copy of the above-referenced Charge of Discrimination is attached hereto as **Exhibit A**, and is incorporated by reference herein.

27.   On July 1, 2009, the DFEH issued a Right to Sue letter advising that the EEOC would be processing the charge and notifying the parties that the deadline to file suit under state law would be tolled pursuant to California Government Code section 12965(d)(1).

28.   A true and correct copy of the above-referenced DFEH Right to Sue letter is attached hereto as **Exhibit B**, and is incorporated by reference herein.

29.   The EEOC investigated the charge and obtained information from Plaintiff and Sony.

30.   On September 11, 2012, after a lengthy investigation and after considering the evidence from both sides, the EEOC issued a Letter of Determination finding probable cause that the Defendants had indeed discriminated against Plaintiff in violation of the ADA, had failed to reasonably accommodate Plaintiff, and had failed to engage in the interactive process.

31. As the ADA serves as the floor for the FEHA, this served as a similar finding of cause under California law.

32. A true and correct copy of the EEOC's Letter of Determination is attached hereto as **Exhibit C**, and is incorporated by reference herein.

33. On September 30, 2014, after the conciliation process was unsuccessful, the EEOC issued Plaintiff a notice of right to sue - fully exhausting all required administrative remedies.

34. A true and correct copy of the EEOC's Right to Sue Letter is attached hereto as **Exhibit D**, and is incorporated by reference herein.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT, GOVERNMENT CODE SECTION 12940(a) – DISCRIMINATION

35. As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action. Plaintiff brings this cause of action individually against all Defendants.

36. At all applicable times mentioned in this complaint, Sony regularly employed five or more persons bringing Defendants within the provisions of the California Fair Employment and Housing Act.

37. Plaintiff adequately exhausted all of his administrative remedies under FEHA when he received notice of right-to-sue from the EEOC and brings this action within 90 days of receiving notice of right to sue. This Action is timely under the Fair Employment and Housing Act pursuant to California Government Code section 12965(d)(1) and (2).

38. Plaintiff was unlawfully discriminated against because of his disability, a finding made by the EEOC. Plaintiff suffered adverse employment

actions by and through Defendants, including the failure to hire Plaintiff.  The refusal to hire or even interview Plaintiff was substantially motivated by his disability.

39.     As a proximate result of Defendants' willful, knowing, and intentional violation(s) of FEHA, Plaintiff has sustained and continues to sustain substantial losses in earnings, benefits, earning capacity, costs of seeking alternate employment, and opportunities for career advancement, all to his damage in a sum according to proof.

40.     As a proximate result of Defendants' willful, knowing, and intentional violation(s) of FEHA, Plaintiff has suffered and continues to suffer stress, anxiety, shame, humiliation, emotional distress, and mental pain and anguish, all to his damage in a sum according to proof.

41.     Plaintiff is informed and believes and therein alleges that the aforesaid acts directed toward him were carried out and/or approved by managing agents of Defendants with a conscious disregard of his right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code section 3294 entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of the Defendants named herein, in a sum according to proof.

42.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, and will seek these by motion upon prevailing at trial.

43.     Plaintiff seeks a declaration by this Court that the Defendants engaged in unlawful disability discrimination and seeks all equitable remedies available under the FEHA.  In addition to declaratory relief, Plaintiff seeks injunctive relief in the form of an order that Defendants, and each of them, train all recruiters and individuals involved in the hiring of employees on their legal obligations to provide engage in the interactive process with, and reasonable accommodations to disabled job seekers and in the form of an order that Defendants, and each of them,

enact formal policies requiring recruiters and individuals involved in the hiring of employees to provide engage in the interactive process with, and provide reasonable accommodations disabled job seekers.

WHEREFORE, Plaintiff requests relief as hereafter provided.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF FEHA, GOVERNMENT CODE SECTION 12940(k) – FAILURE TO TAKE ALL STEPS NECESSARY TO STOP DISCRIMINATION FROM OCCURRING

44. As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action. Plaintiff brings this cause of action individually against all Defendants.

45. At all applicable times mentioned in this complaint, Sony regularly employed five or more persons bringing Defendants within the provisions of the California Fair Employment and Housing Act.

46. Plaintiff adequately exhausted all of his administrative remedies under FEHA when he received notice of right-to-sue from the EEOC and brings this action within 90 days of receiving notice of right to sue.

47. Defendants failed to take all reasonable steps necessary to prevent discrimination and retaliation against Plaintiff from occurring in violation of Government code section 12940(k). This includes not even bothering to interview Plaintiff as a result of his disability.

48. As a proximate result of Defendants' willful, knowing, and intentional violation(s) of FEHA, Plaintiff has sustained and continues to sustain substantial losses in earnings, benefits, earning capacity, costs of seeking alternate

employment, and opportunities for career advancement, all to his damage in a sum according to proof.

49. As a proximate result of Defendants' willful, knowing, and intentional violation(s) of FEHA, Plaintiff has suffered and continues to suffer stress, anxiety, shame, humiliation, emotional distress, and mental pain and anguish, all to his damage in a sum according to proof.

50. Plaintiff is informed and believes and therein alleges that the aforesaid acts directed toward him were carried out and/or approved by managing agents of Defendants with a conscious disregard of his right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code section 3294 entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of the Defendants named herein, in a sum according to proof.

51. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, and will seek these by motion upon prevailing at trial.

52. Plaintiff seeks a declaration by this Court that the Defendants engaged in unlawful disability discrimination and seeks all equitable remedies available under the FEHA. In addition to declaratory relief, Plaintiff seeks injunctive relief in the form of an order that Defendants, and each of them, train all recruiters and individuals involved in the hiring of employees on their legal obligations to provide engage in the interactive process with, and reasonable accommodations to disabled job seekers and in the form of an order that Defendants, and each of them, enact formal policies requiring recruiters and individuals involved in the hiring of employees to provide engage in the interactive process with, and provide reasonable accommodations disabled job seekers.

WHEREFORE, Plaintiff requests relief as hereafter provided.

///

///

# THIRD CLAIM FOR RELIEF
# VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT, CALIFORNIA GOVERNMENT CODE SECTION 12940(m) – FAILURE TO PROVIDE REASONABLE ACCOMMODATION

53. As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action. Plaintiff brings this cause of action against all Defendants.

54. At all applicable times mentioned in this complaint, Sony regularly employed five or more persons bringing Defendants within the provisions of the California Fair Employment and Housing Act.

55. Plaintiff adequately exhausted all of his administrative remedies under FEHA when he received notice of right-to-sue from the EEOC and brings this action within 90 days of receiving notice of right to sue.

56. Plaintiff requested a reasonable accommodation for his known physical disability in the form of an American Sign Language interpreter in order to afford him an equal opportunity to interview for the position to Software Engineer III.

57. Defendants failed to provide reasonable accommodation of the known physical disability of Plaintiff in violation of Government Code Section 12940(m). Defendant provided no accommodation, instead refusing to even interview Plaintiff for hire.

58. As a proximate result of Defendants' willful, knowing, and intentional violation(s) of FEHA, Plaintiff has sustained and continues to sustain substantial losses in earnings, benefits, earning capacity, costs of seeking alternate employment, and opportunities for career advancement, all to his damage in a sum according to proof.

59. As a proximate result of Defendants' willful, knowing, and intentional violation(s) of FEHA, Plaintiff has suffered and continues to suffer stress, anxiety, shame, humiliation, emotional distress, and mental pain and anguish, all to his damage in a sum according to proof.

60. Plaintiff is informed and believes and therein alleges that the aforesaid acts directed toward him were carried out and/or approved by managing agents of Defendants with a conscious disregard of his right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code section 3294 entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of the Defendants named herein, in a sum according to proof.

61. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, and will seek these by motion upon prevailing at trial.

62. Plaintiff seeks a declaration by this Court that the Defendants engaged in unlawful disability discrimination and seeks all equitable remedies available under the FEHA. In addition to declaratory relief, Plaintiff seeks injunctive relief in the form of an order that Defendants, and each of them, train all recruiters and individuals involved in the hiring of employees on their legal obligations to provide engage in the interactive process with, and reasonable accommodations to disabled job seekers and in the form of an order that Defendants, and each of them, enact formal policies requiring recruiters and individuals involved in the hiring of employees to provide engage in the interactive process with, and provide reasonable accommodations disabled job seekers.

WHEREFORE, Plaintiff requests relief as hereafter provided.

///
///
///
///

# FOURTH CLAIM FOR RELIEF

# VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT, CALIFORNIA GOVERNMENT CODE SECTION 12940(n) – FAILURE TO ENGAGE IN A TIMELY GOOD-FAITH INTERACTIVE PROCESS CONCERNING PLAINTIFF'S DISABILITY

63. As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action. Plaintiff brings this cause of action against all Defendants.

64. At all applicable times mentioned in this complaint, Sony regularly employed five or more persons bringing Defendants within the provisions of the California Fair Employment and Housing Act.

65. Plaintiff adequately exhausted all of his administrative remedies under FEHA when he received notice of right-to-sue from the EEOC and brings this action within 90 days of receiving notice of right to sue.

66. Defendant failed to engage in a timely, good faith, interactive process with the Plaintiff to determine effective reasonable accommodations in violation of Government Code Section 12940(n). Indeed, Defendants refused to use an alternate form of electronic communication beyond the telephone for an interview, refused to pay for Plaintiff to fly to have an in person interview and rejected Plaintiff's application altogether when he requested a sign language interpreter. Defendants, and each of them, failed to communicate at all with Plaintiff regarding his need for reasonable accommodations

67. As a proximate result of Defendants' willful, knowing, and intentional violation(s) of FEHA, Plaintiff has sustained and continues to sustain substantial losses in earnings, benefits, earning capacity, costs of seeking alternate

employment, and opportunities for career advancement, all to his damage in a sum according to proof.

68.  As a proximate result of Defendants' willful, knowing, and intentional violation(s) of FEHA, Plaintiff has suffered and continues to suffer stress, anxiety, shame, humiliation, emotional distress, and mental pain and anguish, all to his damage in a sum according to proof.

69.  Plaintiff is informed and believes and therein alleges that the aforesaid acts directed toward him were carried out and/or approved by managing agents of Defendants with a conscious disregard of his right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code section 3294 entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of the Defendants named herein, in a sum according to proof.

70.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, and will seek these by motion upon prevailing at trial.

71.  Plaintiff seeks a declaration by this Court that the Defendants engaged in unlawful disability discrimination and seeks all equitable remedies available under the FEHA.  In addition to declaratory relief, Plaintiff seeks injunctive relief in the form of an order that Defendants, and each of them, train all recruiters and individuals involved in the hiring of employees on their legal obligations to provide engage in the interactive process with, and reasonable accommodations to disabled job seekers and in the form of an order that Defendants, and each of them, enact formal policies requiring recruiters and individuals involved in the hiring of employees to provide engage in the interactive process with, and provide reasonable accommodations disabled job seekers.

WHEREFORE, Plaintiff requests relief as hereafter provided.

///

///

# FIFTH CLAIM FOR RELIEF
## VIOLATION OF AMERICANS WITH DISABILITIES ACT
**(42 U.S.C. § 12101, et seq.)**

72.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.  Plaintiff brings this cause of action against all Defendants.

73.     Plaintiff suffers from a "disability" within the meaning and scope of 42 U.S.C. § 12102.  Accordingly, plaintiff is a member of the class of persons protected by 42 U.S.C. § 12112 and § 12203, which make it unlawful for an entity to discriminate against an individual with a disability in employment, fail to provide reasonable accommodations to persons with disabilities and to fail to engage in the required interactive process regarding accommodation of a disability.

74.     As alleged herein, defendants discriminated against plaintiff because of his disability, failed to provide reasonable accommodations to plaintiff and failed to engage in the interactive process by refusing to look into alternative methods of interviewing Plaintiff, by refusing Plaintiff's suggestion of a method by which to communicate with Plaintiff and by ultimately refusing to even interview Plaintiff after he asked for accommodations.

75.     The acts and omissions of defendants, and each of them, as aforesaid, were in violation of 42 U.S.C. § 12101, et seq.  Said statutes impose certain duties upon defendants, and each of them, concerning discrimination against persons, such as plaintiff, on the basis of physical disability. Said statutes were intended to prevent the type of injury and damage set forth herein.  Plaintiff is a member of the class of persons intended to be protected by said statutes.

76.     By the aforesaid acts and omissions of defendants, and each of them, plaintiff has been directly and legally caused to suffer actual damages including,

but not limited to, lost wages, benefits, opportunities for career advancement, earning capacity, costs of seeking alternate employment, attorney's fees, costs of suit, and other pecuniary loss not presently ascertained.

77. As a further direct and legal result of the acts and conduct of defendants, and each of them, as aforesaid, plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, stress and anxiety. The exact nature and extent of said injuries is presently unknown to plaintiff. Plaintiff seeks the maximum damages allowable by law.

78. Plaintiff is informed and believes and thereon alleges that defendants, and their managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring plaintiff and acted with an improper and evil motive amounting to malice or oppression, and in conscious disregard of plaintiff's rights. Moreover, defendants and their managers, officers, and/or directors authorized or ratified the wrongful conduct of their employees and/or are personally guilty of oppression, fraud, or malice. As such, plaintiff is entitled to recover punitive damages from defendants under federal law in an amount according to proof.

79. As a result of defendants' unlawful as alleged herein, plaintiff is entitled to reasonably attorney's fees and costs of suit as provided in 42 U.S.C. § 12205.

80. Plaintiff seeks a declaration by this Court that the Defendants engaged in unlawful disability discrimination and seeks all equitable remedies available under the ADA. In addition to declaratory relief, Plaintiff seeks injunctive relief in the form of an order that Defendants, and each of them, train all recruiters and individuals involved in the hiring of employees on their legal obligations to provide engage in the interactive process with, and reasonable accommodations to disabled job seekers and in the form of an order that Defendants, and each of them,

1  enact formal policies requiring recruiters and individuals involved in the hiring of
2  employees to provide engage in the interactive process with, and provide
3  reasonable accommodations disabled job seekers.
4
5                          **PRAYER FOR RELIEF**
6        WHEREFORE, Plaintiff prays for relief and judgment against all
7  Defendants, jointly and severally, as follows:
8
9  **As to the All Causes of Action**:
10      a.    For all past, present, and future economic damages, including back
11 pay, front pay, lost employment benefits and other compensation (e.g. bonuses),
12 costs of seeking alternate employment, loss of earning capacity, loss of
13 opportunities for career advancement, and other special damages according to
14 proof;
15      b.    For general damages to compensate Plaintiff for his past, present, and
16 future non-economic damages, including stress, anxiety, shame, humiliation,
17 mental anguish, emotional distress, loss of pleasure and enjoyment of life, and
18 other general damages according to proof;
19      c.    For punitive damages against all defendants to the maximum extent
20 allowed by the United States and California Constitutions;
21      d.    For declaratory and injunctive relief against each Defendant;
22      e.    For an award of interest, including prejudgment interest, at the
23 maximum legal rate;
24      f.    For an award of attorney fees pursuant to statute;
25      g.    For costs of suit incurred; and
26      h.    For such other and further relief as the court deems appropriate.
27 ///
28 ///

Dated: November 17, 2014



_____
Kevin Schwin
Alireza Alivandivafa
Attorneys for Plaintiff James Wang

## DEMAND FOR A JURY TRIAL

Plaintiff demands trial by jury in this matter as to all matters which may be tried to a jury.

Dated: November 17, 2014



_____
Kevin Schwin
Alireza Alivandivafa
Attorneys for Plaintiff James Wang